IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILBERTO MELENDEZ,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | Case No. 5:21-cv-516-JDW |
| LANCASTER COUNTY PAROLE &<br>PROBATION OFFICE, *et al.*,<br>    Defendants. | : <br> : <br> : | |

## MEMORANDUM

Plaintiff Wilberto Melendez, a pretrial detainee incarcerated at the Lancaster County Prison, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendants the Lancaster County Parole & Probation Office,[1] the County of Lancaster, the Lancaster County Prison, and District Attorney C. Hackman. He makes various claims about the legality of his detention. For the reasons stated below, the Court concludes that Mr. Melendez's claims are frivolous and fail to state a claim on which the Court could grant relief. The Court will therefore dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

I.     FACTUAL ALLEGATIONS

    A.     Mr. Melendez's Convictions

On October 6, 1992, Mr. Melendez pled guilty in the Lancaster County Court of Common Pleas to possession of marijuana, simple assault, and resisting arrest. The Common Pleas Court sentenced him to a maximum of 25 months of probation. *See Commonwealth v. Melendez*, No. CP-36-CR-3028-1992 (C.P. Lancaster). According to the docket in that case, Mr. Melendez violated his parole and subsequent probation on February 27, 1998, December 31, 1999, and in

---

[1] The Court assumes Melendez is referring to Adult Probation and Parole Services of Lancaster County, but will use Melendez's terms in this Memorandum.

November 2003. The Common Pleas Court committed him to Lancaster County Prison for parole violations. In September 2004, the Pennsylvania Superior Court affirmed his conviction. Since then, Mr. Melendez has unsuccessfully pursued collateral relief. Those efforts ended on September 25, 2020, when Mr. Melendez discontinued his PCRA appeal.

On March 1, 1993, Mr. Melendez pled guilty in the Lancaster County Court of Common Pleas to manufacture and possession with intent to distribute. The Court sentenced him to 1 to 5 years of incarceration. *See Commonwealth v. Melendez*, No. CP-36-CR-617-1993 (C.P. Lancaster). Since then, Mr. Melendez has unsuccessfully pursued relief from that sentence. He ended those efforts on September 25, 2020, again by discontinuing an appeal concerning a PCRA petition.

Mr. Melendez is currently in prison awaiting trial on charges of criminal homicide, possession of firearms, possession of firearms without a license, and witness intimidation arising, all arising from an incident in October 27, 2017. *Commonwealth v. Melendez*, No. CP-36-CR-2279-2018 (C.P. Lancaster). The docket does not reflect that he is incarcerated on a parole violation.

### B.	Procedural History

Mr. Melendez filed his complaint on February 3, 2021. He claims that his sentences from his 1992 conviction and 1993 conviction were supposed to run concurrently. He alleges that he served the entire sentence, which "maxed out" on July 5, 1999. Mr. Melendez alleges that at the time of the 2003 probation violation, he was sentenced to 1½ to 3 years of incarceration. Melendez claims that he "maxed out" this illegal term of incarceration in 2006 and that, once he served the entire sentence, the Lancaster County Parole & Probation Office erroneously placed him on probation. He claims that Defendant C. Hackman was the District Attorney who agreed to these sentences.

Mr. Melendez claims that he served an extra 7 years in prison as a result of the Lancaster County Parole & Probation Office's error. He asserts claims under 28 U.S.C. § 1983, based upon violations of his Fourteenth Amendment Due Process rights and his Eighth Amendment right to be free from cruel and unusual punishment. He seeks recovery for mental and emotional harm, and asks that the Court issue an Order declaring that the Defendants acted in violation of the United States Constitution and award him $155 million in compensatory damages and unspecified injunctive relief against Mr. Hackman.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Kokinda v. Pa. Dept. of Corrections*, -- Fed. App'x --, 2019 WL 2577750, at * 2 (June 24, 2019). Moreover, because Mr. Melendez is proceeding *pro se*, the Court must construe his pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

### A.     Leave To Proceed *In Forma Pauperis*

Mr. Melendez has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees. Moreover, his application to proceed *in forma pauperis* demonstrates that he lacks the income or assets to pay the required filing fees. Therefore, the Court will grant him leave to

proceed *in forma pauperis*. Because Mr. Melendez is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments. 28 U.S.C. §1915(b).

### B. Plausibility Of Claims In The Complaint

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, so a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

#### 1. Declaratory relief

Mr. Melendez requests a declaration that at least one of the Defendants violated the United States Constitution. "Declaratory judgment is inappropriate solely to adjudicate past conduct," and it is not "meant simply to proclaim that one party is liable to another." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). Mr. Melendez's complaint fails this test as it focuses on past acts, not a threat of continuing harm.

#### 2. Claims against Lancaster County Prison

A prison is not a "person" under Section 1983. *See Cephas v. George W. Hill Corr. Facility*, Civ. A. No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Miller v. Curran-Fromhold Corr. Facility*, Civ. A. No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014)

(citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)). The Court will dismiss Mr. Melendez's claims against Lancaster County Prison.

### 3. Claims against the Lancaster County Parole & Probation Office

"Pennsylvania's judicial districts, including their probation and parole departments, are entitled to Eleventh Amendment immunity." *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment)). Pennsylvania has not waived its sovereign immunity, nor has Congress abrogated it. The Eleventh Amendment therefore bars Mr. Melendez's claims against the Lancaster County Parole & Probation Office.

### 4. Claims against District Attorney C. Hackman

Mr. Melendez asserts claims against Mr. Hackman based on his role as a prosecutor. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other supervisory prosecutors are also entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Because Mr. Melendez's claims against Mr. Hackman arise from Mr. Hackman's dispatch of his prosecutorial duties, the claims are not viable.

### 5. Claims against Lancaster County

To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir.

2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Mr. Melendez has not identified any custom or policy on the part of Lancaster County that caused the alleged constitutional violation. In fact, the Complaint includes no allegations at all about Lancaster County. Because Mr. Melendez alleges that the source of his injury was an error, rather than a municipal custom or policy, the Court will not grant leave to amend this claim, as doing so would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).

## 6. The effect of *Heck v. Humphrey*

An additional flaw bars all of Mr. Melendez's claims. "[T]o recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

The doctrine set forth in *Heck* applies to civil rights cases challenging parole and probation revocations. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *Burton v. Delaware Cty. Court House*, No. 12-4175, 2012 WL 3223691, at *2 (E.D. Pa. Aug. 7, 2012). Because Mr.

Melendez has not successfully challenged any aspect about his sentence on appeal or in a post-conviction proceeding, his civil rights claims based on the erroneous calculation of that sentence are not cognizable because success on those claims would necessarily imply the invalidity of his sentence and related imprisonment. *See e.g.*, *Abbott v. Pennsylvania Dep't of Corr.*, 426 F. App'x 42, 43 (3d Cir. 2011) (*per curiam*).

## IV.   CONCLUSION

The Court will grant Mr. Melendez leave to proceed *in forma pauperis* but dismiss his case as frivolous. Ordinarily, a court must permit a curative amendment. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). However, a court need not provide leave to amend if amendment would be inequitable or futile. Given the analysis above, amendment here would be futile, so the Court will dismiss the Complaint with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

April 5, 2021